**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMERICAN CENTER FOR LAW AND JUSTICE, 201 Maryland Avenue, NE Washington, DC  20002 | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case Action No. 21-cv-333 |
| UNITED STATES NATIONAL SECURITY AGENCY, 9800 Savage Rd., Suite 6272 Ft. George G. Meade, MD 20755-6000, | ) ) ) ) ) | |
| UNITED STATES OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, Washington, DC 20511, | ) ) ) ) ) | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| UNITED STATES DEPARTMENT OF STATE, The Executive Office Office of the Legal Adviser, Suite 5.600 600 19th Street NW Washington DC 20522, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**<u>COMPLAINT</u>**

Plaintiff American Center for Law and Justice ("ACLJ"), by and through counsel, brings

this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the failure

of the Defendant United States National Security Agency ("NSA"), the Defendant United States

Office of the Director of National Intelligence ("ODNI"), and the Defendant United States

Department of State ("DOS"), to issue a determination as to Plaintiff's FOIA requests within the

statutorily prescribed time period, and seeking the disclosure and release of agency records improperly withheld by Defendants. In support thereof, Plaintiff alleges and states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C)(i), and 28 U.S.C. § 1331, because this action arises under FOIA, and Plaintiff has exhausted its administrative remedies.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

3.      This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

4.      This Court has authority to award declaratory relief pursuant to 28 U.S.C. § 2201.

## PARTIES

5.      Plaintiff, with an office at 201 Maryland Avenue, N.E., Washington, DC 20002, is a not-for-profit 501(c)(3) organization dedicated to the defense of constitutional liberties secured by law. Plaintiff's mission is to educate, promulgate, conciliate, and where necessary, litigate, to ensure that those rights are protected under the law. Plaintiff also regularly monitors governmental activity with respect to governmental accountability. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its dedication to the rule of law and public interest mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

6.      Defendant NSA is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 9800 Savage Rd., Suite 6932, Ft. George G. Meade, MD 20755-6000. Defendant NSA is in control and possession of records sought by Plaintiff.

7.      Defendant ODNI is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at Office of the Director of National Intelligence, Washington, DC 20511. Defendant ODNI is in control and possession of records sought by Plaintiff.

8.      Defendant DOS is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 2201 C Street, N.W., Washington, D.C. 20520. Defendant is in control and possession of the records sought by Plaintiff.

## FACTUAL ALLEGATIONS

### *Defendant NSA*

9.      On December 16, 2020, Plaintiff issued FOIA requests to the NSA requesting "pertaining to the NSA's knowledge and efforts surrounding the breaking story that the Chinese spy known as Christine Fang, or Fang Fang, had a lengthy relationship with Representative Eric Swalwell," as well as any records of any communications with and/or files regarding those individuals within the custody of certain NSA officials including: "Paul M. Nakasone, General, U.S. Army; Commander (Director), George C. Barnes (Deputy Director), ADM Michael S. Rogers, U.S. Navy (former Director), Gen Keith B. Alexander, U.S. Army (former Director), Mr. Richard H. Ledgett Jr. former Deputy Director), Mr. John C. "Chris" Inglis (former Deputy Director), including by utilizing any alias, referencing, connected to, or regarding in any way Christine Fang (or Fang Fang, or Fang) or Rep. Eric Swalwell." *See* Pl.'s FOIA Request to NSA attached hereto as Ex. A, at 1, incorporated by reference as if fully set forth herein.

10. Plaintiff identified, in its FOIA request, the specific records it seeks. Pl.'s Ex. A, at 3-4.

11. In its FOIA request, Plaintiff specified that the term "record" includes "any information" that qualifies under 5 U.S.C. § 552(f), and provided a non-exhaustive list of types of information to be included in the term "record," including "and information generated, sent, received, reviewed, stored or located on a government *or private* account or server, consistent with the holdings of *Competitive Enterprise Institute v. Office of Science and Technology Policy*, 827 F.3d 145 (D.C. Cir. No. 15-5128, July 5, 2016). *See* Pl.'s Ex. A, at 3.

12. Plaintiff further specified in its FOIA request the applicable definitions of the terms "briefing." *See* Pl.'s Ex. A, at 3.

13. Plaintiff specified in its FOIA request that "unless otherwise indicated, the timeframe of records requested herein is January 1, 2011, to the date this request is processed." *See* Pl.'s Ex. A, at 3.

14. In its FOIA request, Plaintiff requested that the NSA support all denials by reference to specific FOIA exemptions and provide any judicially required explanatory information, including but not limited to, a *Vaughn* Index. *See* Pl.'s Ex. A, at 4.

15. By letter dated December 29, 2020, the NSA acknowledged receipt of Plaintiff's FOIA request as of December 21, 2020, and assigned FOIA Case No. 110963 to the request. *See* Pl.'s Ex. B, at 4

16. No other response has been received from the NSA.

### *Defendant ODNI*

17. On December 16, 2020, Plaintiff issued FOIA requests to the ODNI requesting records "pertaining to the Office of the Director of National Intelligence's knowledge and efforts

surrounding the breaking story that the Chinese spy known as Christine Fang, or Fang Fang, had a lengthy relationship with Representative Eric Swalwell." as well as any records of any communications with and/or files regarding those individuals within the custody of certain ODNI officials including: "James R. Clapper or Stephanie O'Sullivan, or any former or current Deputy Director, including by utilizing any alias, referencing, connected to, or regarding in any way Christine Fang (or Fang Fang, or Fang) or Rep. Eric Swalwell" *See* Pl.'s FOIA Request to ODNI attached hereto as Ex. C, at 1, incorporated by reference as if fully set forth herein.

18.     Plaintiff identified, in its FOIA request, the specific records it seeks. Pl.'s Ex. C, at 3-4.

19.     In its FOIA request, Plaintiff specified that the term "record" includes "any information" that qualifies under 5 U.S.C. § 552(f), and provided a non-exhaustive list of types of information to be included in the term "record," including "and information generated, sent, received, reviewed, stored or located on a government *or private* account or server, consistent with the holdings of *Competitive Enterprise Institute v. Office of Science and Technology Policy*, 827 F.3d 145 (D.C. Cir. No. 15-5128, July 5, 2016). *See* Pl.'s Ex. C, at 3.

20.     Plaintiff further specified in its FOIA request the applicable definitions of the terms "briefing." *See* Pl.'s Ex. C, at 3.

21.     Plaintiff specified in its FOIA request that "unless otherwise indicated, the timeframe of records requested herein is January 1, 2011, to the date this request is processed." *See* Pl.'s Ex. C, at 3.

22.     In its FOIA request, Plaintiff requested that the ODNI support all denials by reference to specific FOIA exemptions and provide any judicially required explanatory information, including but not limited to, a *Vaughn* Index. *See* Pl.'s Ex. C, at 4.

23.     By letter dated January 6, 2020, the ODNI acknowledged receipt of Plaintiff's FOIA request as of December 30, 2020, and assigned ODNI Tracking Number DF-2021-00068 to the request. *See* Pl.'s Ex. D, at 1.

24.     No other response has been received from the ODNI.

### *Defendant DOS*

25.     On December 16, 2020 Plaintiff issued a FOIA request to Defendant DOS.  Pl.'s FOIA Request to DOS, Ex. E, at 1, incorporated by reference as if fully set forth herein.

26.     Plaintiff requested follows:  "records pertaining to the U.S. Department of State's knowledge and efforts surrounding the breaking story that the Chinese spy known as Christine Fang, or Fang Fang, had a lengthy relationship with Representative Eric Swalwell." Pl.'s FOIA Request Ex. E, 1.

27.     "Pursuant to State Department FOIA regulation 22 C.F.R. § 171.4(b)," Plaintiff set forth a "Background address[ing] 'the subject, timeframe, names of any individuals involved, a contract number (if applicable), and reasons why the requester believes the Department may have records on the subject of the request.'" Pl.'s FOIA Request Ex. E, 1-2 (quoting 22 C.F.R. § 171.4(b)).

28.     By email dated January 4, 2021, attached hereto as Exhibit D and incorporated by reference as if fully set forth herein, Defendant DOS acknowledged it received Plaintiff's FOIA request as of December 28, 2020.   Defendant advised it had assigned Case Control Number F-2021-02216. Def.'s Acknowledgement Letter Ex. F, 1.

29.     No other correspondence has been received from Defendant DOS.

### CAUSES OF ACTION

### COUNT I
### Violation of the Freedom of Information Act

30.     Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully stated herein.

31.     The federal FOIA establishes a 20-day deadline by which a federal agency must make and issue a decision regarding compliance with a request for records made pursuant to the statute. 5 U.S.C. § 552(a)(6)(A)(i).

32.     Pursuant to 5 U.S.C. § 552(a)(6)(A), each Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) days, excepting Saturdays, Sundays, and legal public holidays. Pursuant to this same provision, each Defendant was also required to notify Plaintiff immediately of the determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency.

33.     Each Defendant acknowledged receipt of the request.

    a.   Defendant NSA's 20-day period commenced on December 21, 2020, and expired on January 25, 2021;

    b.   Defendant ODNI's 20-day period commenced on December 30, 2020, and expired on February 1, 2021; and,

    c.   Defendant DOS's 20-day period commenced December 28, 2020, and expired on January 28, 2021.

34.     As of the date of this Complaint, each of the other Defendant has failed to notify Plaintiff of any determination about whether it will comply with Plaintiff's FOIA request, including the scope of records each Defendant intends to produce, or the scope of records it intends to withhold, and the reasons for any such determination.

35.     As of the date of this Complaint, each Defendant has failed to produce any records responsive to the request and have not indicated when (or even whether) any responsive records will be produced, or demonstrate that responsive records are exempt from production.

36.     Each Defendant has not requested information from the Plaintiff that would toll the 20-day period as contemplated by 5 U.S.C. § 552(a)(6)(A)(i)(I).

37.     The FOIA permits a federal agency, in unusual circumstances, to extend the 20-day response deadline for a period not to exceed ten (10) additional working days. 5 U.S.C. § 552(a)(6)(B)(i).

38.     Defendant NSA did not assert "unusual circumstances."

39.     Defendant ODNI asserted "unusual circumstance," but failed to identify "the date on which a determination is expected to be dispatched," as clearly required by 5 U.S.C. § 552(a)(6)(B)(i).

40.     Defendant DOS asserted "unusual circumstances," but failed to identify "the date on which a determination is expected to be dispatched," as clearly required by 5 U.S.C. § 552(a)(6)(B)(i), and which shall not be "a date that would result in an extension for more than ten working days." *Id.*

41.     There are no "unusual circumstances" that justify Defendants' prolonged delay in responding as required by law to Plaintiff's lawful FOIA requests.

42.     Plaintiff has a statutory right to have Defendants process Plaintiff's FOIA request in a timely manner and in accordance with the requirements set forth in 5 U.S.C. § 552(a)(6).

43.     Each Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

44.     FOIA provides a cause of action for a complainant from whom a federal agency has withheld requested records. 5 U.S.C. § 552(a)(4)(B).

45.     Through continued delay and outright failure to properly respond to Plaintiff's lawful request for records, and its improper withholding of such requested records, each Defendant has failed to comply with FOIA's prescribed deadlines for responding to a request for records and has violated Plaintiff's statutory rights.

46.     Pursuant to 5 U.S.C. § 552(a)(6)(C), because each Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request.

47.     Plaintiff is being irreparably harmed by reason of each Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless each Defendant is compelled to conform its conduct to the requirements of the law.

48.      The FOIA imposes no limits on courts' equitable powers in enforcing its terms, and this Court should exercise its equitable powers to compel each Defendant to comply with the clear  requirements of the FOIA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against each Defendant, and provide Plaintiff with the following relief:

(a)     An Order that each Defendant's conduct a diligent, expedited search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed reasonable search methods most technologically likely to lead to the discovery of records responsive to Plaintiff's FOIA request, selected from among those methods available to Defendant;

(b)     An Order that each Defendant produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

9

(c)     An Order enjoining each Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(d)     A declaration that each Defendant's actions violated Plaintiff's statutory rights under 5 U.S.C. § 552;

(e)     An Order awarding to Plaintiff its reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and,

(f)     An Order granting to Plaintiff all further relief to which Plaintiff may be entitled.

Dated: February 5, 2021.          Respectfully submitted,

THE AMERICAN CENTER FOR LAW AND JUSTICE

JAY ALAN SEKULOW
  (D.C. Bar No. 496335)
  *COUNSEL OF RECORD*
JORDAN SEKULOW
  (D.C. Bar No. 991680)
STUART J. ROTH
  (D.C. Bar No. 475937)

/s/ *Benjamin P. Sisney*
BENJAMIN P. SISNEY
  (D.C. Bar. No. 1044721)
201 Maryland Avenue, N.E.
Washington, D.C.  20002
Telephone: (202) 546-8890
Facsimile: (202) 546-9309
Email: bsisney@aclj.org

*Counsel for Plaintiff*